# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re:

MICHAEL G. LEE,                                    Case No. 09-16342-RGM
                                                   (Chapter 7)
          Debtor.

### MEMORANDUM OPINION

THIS CASE was before the court on the debtor's motion for reconsideration of the order granting the bank relief from the automatic stay. The debtor objects to the language in the order that suggests to him that the court adjudicated the validity of the bank's lien on his home. The order granted relief as to the trustee and dismissed it as moot as to the debtor.

The automatic stay imposed by §362(a) is temporary. Section 362(c) controls when it ends. It provides:

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section –
> (1)    the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;
> (2)    the stay of any other act under subsection (a) of this section continues until the earliest of –
> (A)    the time the case is closed;
> (B)    the time the case is dismissed; or
> (C)    if the case is a case under chapter 7 of this title concerning an individual .   .   . the time a discharge is granted or denied.

11 U.S.C. §362(c).

This is a chapter 7 case. The debtor was granted a discharge before the hearing on the motion for relief. The automatic stay terminated as to the debtor when he was granted his discharge.

1

11 U.S.C. §362(c)(2)(C).[1]  The stay continued in effect as to the debtor's home because it remained

property of the estate.[2]  11 U.S.C. §362(c)(1).  The trustee, as the estate's representative, consented

to the relief requested in motion in his answer.  In light of the trustee's consent and the debtor's

discharge, the court granted relief as to the trustee and dismissed it as moot as to the debtor.

The order referred to the bank's deed of trust and used the word "lien."  The debtor objects

to this because the language indicates to him that the court adjudicated the validity of the bank's

lien.  He disputes the validity of the lien.

The use of the word "lien" was for purposes of description only.  It did not adjudicate the

validity of the bank's asserted lien.  The termination of the automatic stay only puts the parties in

the same position they were in immediately prior to the filing of the petition in bankruptcy.  The

bank may endeavor to enforce its asserted lien and the debtor may oppose the bank's enforcement.

The validity of the bank's lien and the debtor's defenses will be resolved just as they would have

been resolved had there been no bankruptcy.

The debtor is concerned that he may be precluded from litigating the validity, extent or

priority of the bank's lien in another proceeding by the doctrine of collateral estoppel.  The Court

of Appeals recently set out the elements of the doctrine:

> The doctrine of collateral estoppel precludes serial litigation of
> discrete issues of fact in some situations.  It is well settled, however,
> that the doctrine only applies where (1) the "identical issue" (2) was
> actually litigated (3) and was "critical and necessary" to a (4) "final
> and valid" judgment (5) resulting from a prior proceeding in which
> the party against whom the doctrine is asserted had a full and fair

---

[1] The debtor was immediately protected by the permanent discharge stay upon the granting of the discharge. 11 U.S.C. §524(a).  The discharge stay does not prevent the enforcement of a lien against the debtor's home.

[2] Property remains property of the estate until the trustee sells it or abandons it; the case is closed (if the property is scheduled); or it is exempted from the estate.  See 11 U.S.C. §§363, 554(a), 554(c), 522(b)(1) and 522(*l*).

> opportunity to litigate the issue. *Collins v. Pond Creek Mining Co.,*
> 468 F.3d 213, 217 (4th Cir.2006) (citation and quotation marks
> omitted); see also *S. Bancorporation, Inc. v. Comm'r,* 847 F.2d 131,
> 136 n. 5 (4th Cir.1988). The doctrine does not apply "where the party
> against whom the doctrine is invoked had a heavier burden of
> persuasion on that issue in the first action than he does in the second,
> or where his adversary has a heavier burden in the second action than
> he did in the first." *Collins,* 468 F.3d at 217-18. Nor does the
> doctrine apply when the party against whom the doctrine is invoked
> had the burden in the first proceeding, but the party seeking to invoke
> the doctrine has the burden in the second proceeding. Restatement
> (2d) of Judgments § 28(4).

*McHan v. Comm'r of the Internal Revenue,* 558 F.3d 326, 331 (4th Cir.2009).

The validity of a lien is not usually litigated in a hearing on a motion for relief from the automatic stay. While it may appear at first blush that relief from the automatic stay should not be granted in the absence of a valid and enforceable lien and that it is, therefore, necessary to adjudicate this issue in every instance, for purely practical reasons, the parties and the court generally assume, *arguendo,* that there is a valid lien. If the validity, extent or priority of an asserted lien is an issue that must necessarily be resolved in order to rule on the motion, the court will adjudicate that issue. Any such finding will be clear from the record. Otherwise, there is no adjudication of this fact and the parties are free to resolve it in any appropriate forum.

The automatic stay is an important aspect of every bankruptcy case. It stops the race to the courthouse and the piecemeal dismemberment of the debtor. It allows the trustee an opportunity to review the case to determine whether there may be assets that the trustee should liquidate for the benefit of creditors. It gives the trustee the time to do that without undue interference from creditors. At the same time, the automatic stay can delay or even injure creditors without any benefit to the bankruptcy estate. A motion for relief from the automatic stay is the mechanism that is used to

resolve the competing interests.[3]  The objective of a motion for relief from the automatic stay is simply to terminate the automatic stay so that the parties may pursue their rights and remedies as if the bankruptcy had not been filed.  While the court will not terminate the automatic stay to permit a party to pursue futile or frivolous actions, the court will not generally adjudicate the underlying rights of the parties or the validity of their intended actions.  It is not generally necessary and it defeats the objective of a prompt hearing on the motions.  *See* 11 U.S.C. §362(e).

The language in this order is for purposes of identification only and is not an adjudication.  The motion for reconsideration will be denied.

Alexandria, Virginia
January 27, 2010

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

John Paul Forest, II
Eric David White
Pawandeep Kaur Chatha

15732

---

[3]Motions for relief from the automatic stay are contested matters, not adversary proceedings.  They are simplified proceedings.  Not all issues can be reached on a motion for relief.  For example, Fed.R.Bankr.Proc. 9014, which governs contested matters, incorporates some of the rules in Part VII, but not Fed.R.Bankr.Proc. 7013 which concerns counterclaims and cross-claims.